**Affirmed and Opinion Filed July 6, 2018**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00642-CR

**JOE GREGORIO ANUARIO, JR., Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. MA16-30941B**

## MEMORANDUM OPINION
Before Justices Francis, Fillmore, and Whitehill
Opinion by Justice Francis

Joe Gregorio Anuario, Jr. appeals his conviction for assault family violence. In a single point of error, appellant contends he received ineffective assistance of counsel that prejudiced his case. We affirm the trial court's judgment.

Appellant and the complainant, Karissa Martinez, are the parents of a young son, L.A. Although appellant and Martinez lived together during the first few months of L.A.'s life, by the time L.A. was eight months old, they were no longer together and Martinez and L.A. were living with Martinez's mother.

On the afternoon of April 9, 2016, appellant texted Martinez that he wanted to bring her some of L.A.'s toys and other things she had asked for. Appellant admitted, however, the real

purpose of his visit was that he intended to take L.A. away from Martinez. He said he was concerned for L.A.'s safety.

When appellant arrived at the house, he unloaded some of the toys from his truck and texted Martinez to come outside. Martinez came out carrying L.A. and appellant asked to hold him. After some hesitation, Martinez handed L.A. to appellant and took some of the toys into the house. At that point, appellant put L.A. into the passenger seat of his truck, buckled him into the seat with the seatbelt, and started to drive away. Martinez and a friend came running out of the house to stop appellant from leaving.

Appellant said when Martinez ran up to the truck, he accidentally unlocked the doors which allowed Martinez to open the passenger door. To keep Martinez from taking L.A., appellant pushed her to the ground. Martinez stated appellant leaned over and "head-butted" her, causing her to fall to the ground and hit her head on the concrete. Appellant took L.A. out of the truck and began walking away from the house. Martinez and her friend followed, screaming and calling for help.

The details of what occurred as Martinez attempted to regain possession of her son are disputed, but undisputed is that appellant bit Martinez on the arm twice, drawing blood and leaving deep teeth marks. Also undisputed is that appellant hit Martinez in the face with his head hard enough to cause her nose to bleed. Appellant testified Martinez and her friend were hitting and scratching him from behind and grabbing L.A. in a manner he thought would hurt the boy. Appellant said he was sitting on the ground trying to cover L.A. with his body when Martinez gouged his eye deeply while attempting to pull L.A. away from him. According to appellant, he bit and "head-butted" Martinez to protect himself and his son from injury. Both Martinez and her friend denied ever hitting appellant.

–2–

The police were called and they spoke with the parties involved. Appellant was arrested and charged with assault family violence. One of the investigating officers stated the extent of Martinez's injuries impacted the charging decision. Appellant stated he had no visible injuries to his face when he was arrested, but claimed he had scratches and bruises on his back.

The case was tried to a jury. The charge of the court included an instruction on the law of self-defense and defense of a third person. The jury found appellant guilty, and the parties agreed on punishment of 300 days in jail, probated for one year, and a $500 fine.

Appellant filed a motion for new trial asserting the verdict was contrary to the law and evidence. Although not raised in the motion, defense counsel argued at the hearing that the State had improperly withheld exculpatory evidence, specifically, photos of appellant's face, back, and the side of his head taken during the book-in process. Counsel contended the photos supported appellant's testimony that his eye had been gouged, his shirt torn, and he had marks on his shoulder and head.

In response, the State asked the court to take judicial notice of a post-trial conversation between counsel and the judge during which defense counsel stated he had chosen not to use the book-in photos because they were cumulative of other evidence presented at trial. This evidence included a video showing appellant with a torn shirt and recordings of 911 calls about "fighting" that aligned with appellant's self-defense theory. The State also argued the photos were not exculpatory because, contrary to defense counsel's assertion, they did not show any injuries to appellant. The judge said he recalled defense counsel stating he had not seen the photos, but had chosen not to use them for strategic reasons. The photos were admitted into evidence at the hearing and the trial court agreed with the State that the photos were not exculpatory. The court denied appellant's motion for new trial and this appeal followed.

In a single issue, appellant contends he received ineffective assistance of counsel because his attorney did not examine the book-in photos before choosing not to present them as evidence at trial. To obtain relief for ineffective assistance of counsel, appellant must show (1) counsel's performance fell below an objective standard of reasonableness and (2) a reasonable probability exists that, but for counsel's errors, the result would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). Appellant bears the burden of proving ineffectiveness by a preponderance of the evidence. *See Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. *Id*. Absent both showings, an appellate court cannot conclude the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id*.

Under the prejudice prong, it is not sufficient for appellant to show the alleged errors had some conceivable effect on the outcome of the proceeding. *See Perez v. State*, 310 S.W.3d 890, 894 (Tex. Crim. App. 2010). Rather, he must show a reasonable probability that, absent the errors, the factfinder would have had reasonable doubt respecting guilt. *Id*. We review the totality of the evidence when evaluating an ineffectiveness claim. *Id*.

Even assuming defense counsel's performance in this case fell below an objective standard of reasonableness, we conclude appellant has failed to establish he was prejudiced by his counsel's alleged error. To succeed, appellant needed to show the outcome of his case would have been different if his counsel had reviewed the book-in photos and used them at trial. *Id.* Having examined the photos, we agree with the trial court that they are not exculpatory and do not support appellant's self-defense theory. The photos do not depict appellant wearing a torn shirt. In fact, he is not wearing a shirt in any of the photos. Nor do the photos show injuries to appellant's shoulder, back, or the back of his head, contradicting appellant's testimony otherwise. Appellant

argues the photo of his face shows "slight swelling" of one of his eyes. Although swelling is not apparent in either of appellant's eyes in the photo in our record, evidence of "slight swelling" does not support appellant's testimony that he "got a deep eye gouge" forcing him to bite Martinez on the wrist.

After reviewing the record as a whole, we conclude appellant has failed to show his counsel's allegedly deficient performance prejudiced his defense. We resolve appellant's sole issue against him and affirm the trial court's judgment.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
170642F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOE GREGORIO ANUARIO JR.,
Appellant

No. 05-17-00642-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court
No. 2, Dallas County, Texas
Trial Court Cause No. MA16-30941.
Opinion delivered by Justice Francis.
Justices Fillmore and Whitehill
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered July 6, 2018.